JUDGMENT: AFFIRMED IN PART, VACATED IN PART, AND REMANDED FORRESENTENCING
{¶ 1} Appellant, Gilbert King, appeals his conviction and subsequent sentence. After a thorough review of the arguments presented and for the reasons set forth below, we affirm the finding of guilt, but vacate appellant's sentence and remand for resentencing.
 {¶ 2} On May 11, 2005, appellant was indicted on the following five counts: Counts 1 and 2, felonious assault, in violation of R.C. 2903.11; Count 3, aggravated burglary, in violation of R.C. 2911.12; Count 4, having a weapon while under disability, in violation of R.C.2923.13;[1] and Count 5, carrying a concealed weapon, in violation of R.C. 2923.12.
 {¶ 3} Appellant's conviction stems from a shooting that occurred on April 29, 2005. Officers James Neal and George Flippin of the Cuyahoga County Metropolitan Housing Authority ("CMHA") police were on duty that day and patrolling in the area of the Carver Park Outhwaite CMHA housing facilities. At approximately 5:50 p.m., the patrolling officers were passing a parking lot adjacent to a courtyard in the area when several small children crossed the street in front of their patrol car. Officer Neal stopped the patrol car, at which point his attention was drawn to two men standing face to face in the adjacent courtyard. Officer Neal observed a black male wearing a black T-shirt and dark jeans, later identified as appellant, and another man, later identified as Martin Davis, the victim in this case. Officer Neal then witnessed appellant raise his right hand, holding a gun in it, and shoot Davis in his side.
 {¶ 4} Officer Neal immediately pulled the patrol car into the parking lot and exited the car. He drew his weapon and ordered appellant to halt, but appellant instead ran back through the courtyard. Officer Neal gave chase on foot. He maintained visual contact of appellant until appellant turned a corner. At that point, he lost sight of him for only a split second until he also turned the corner, where he regained visual contact. As the chase continued, appellant jumped a fence and ran into a house at 4561 Case Court. At that point, Officer Neal again lost visual contact of appellant, but entered the house in pursuit. He observed appellant exit the back door of the house and followed after him. Shortly after Officer Neal exited the house through the back door, he was finally able to apprehend appellant. He handcuffed him and placed him under arrest with the assistance of Sergeant Likes.
 {¶ 5} When appellant was detained, Officer Neal did not find a firearm in his possession. Officer Neal backtracked in search of the missing weapon. During this search, Officer Neal was informed by Victoria Lyle, a youth residing at 4561 Case Court, that she observed appellant throw a gun on the roof. A revolver was discovered on the roof of 4561 Case Court. The revolver was found to have two shell casings that had been fired. During the pursuing investigation, samples were taken from appellant's hands to be tested by the Bureau of Criminal Identification and Investigation ("BCI"). This testing found appellant's hands to be positive for gunshot residue. The victim was taken to the hospital and treated for gunshot wounds.
 {¶ 6} A jury trial began on November 8, 2005. At the close of the state's case, appellant moved for a Crim.R. 29 acquittal. Pursuant to this motion, the trial court reduced Count 3 of the indictment from aggravated burglary to burglary due to insufficient evidence that appellant maintained possession of a weapon while forcibly entering 4561 Case Court. The trial court also granted appellant's Crim.R. 29 motion as to Count 5, carrying a concealed weapon, because there was insufficient evidence presented by the state as to the element of concealment. The trial court denied appellant's Crim.R. 29 motion as it pertained to the remainder of the indictment. On November 10, 2005, the appellant was found guilty on all remaining counts.
 {¶ 7} On December 14, 2005, appellant was sentenced to seven years incarceration on the felonious assault charges, which were merged for the purposes of sentencing, plus three years on a firearm specification. He was further sentenced to twelve months on the burglary conviction and four years on his conviction for having a weapon while under disability. All sentences were ordered to run consecutively for a total sentence of fifteen years incarceration. Appellant appeals his convictions and sentence asserting four assignments of error.
 {¶ 8} "I. The state failed to present sufficient evidence to sustain a conviction against Appellant."
 {¶ 9} In his first assignment of error, appellant contends that the state lacked sufficient evidence for a conviction. A conviction based on legally insufficient evidence constitutes a denial of due process.Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220,72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. However, a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. State v. Trembly (2000), 137 Ohio App.3d 134, 139, citingCohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443, U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus. See, also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
 {¶ 11} The state provided more than sufficient evidence to sustain appellant's convictions in this case. Officer Neal testified that he witnessed the shooting and that he was only about 30 feet away at the time. He also testified that he chased appellant until his eventual capture, only losing direct visual contact for fractions of time. Once apprehended, appellant was still wearing the same clothes and matched the appearance of the person that Officer Neal saw shoot the victim. In addition, a revolver with two rounds fired from it was found on the roof of the house appellant forcibly entered, and gunshot residue was found on appellant's hands.
 {¶ 12} All of the evidence, when viewed in a light most favorable to the prosecution, established every element of the crimes for which appellant was convicted. A rational trier of fact could have found the appellant guilty; thus, his convictions were supported by sufficient evidence. Appellant's first assignment of error is without merit.
 {¶ 13} "II. Appellant's convictions are against the manifest weight of the evidence."
 {¶ 14} In his second assignment of error, appellant argues that his convictions were against the manifest weight of the evidence. ArticleIV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. When a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City ofCleveland (1948), 150 Ohio St. 303, 345.
 {¶ 15} The standard employed when reviewing a claim based on the weight of the evidence is not the same standard to be used when considering a claim based on the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs, supra, in which the Court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 16} Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 17} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 18} The weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169.
 {¶ 19} Reviewing the record, it is clear that appellant's convictions were not against the manifest weight of the evidence. There was eyewitness testimony of the shooting from the arresting officer. There was also physical evidence obtained from appellant's person and from the area near the shooting; i.e, a firearm with two spent shell casings found on the roof of the house appellant forcibly entered and gunshot residue on appellant's hands. Viewing the evidence, we cannot find that the jury lost its way. This assignment of error also fails.
 {¶ 20} "III. The trial court erred by ordering Appellant to serve a consecutive sentence without first considering a concurrent sentence and by making findings not supported by the record."
 {¶ 21} "IV. The trial court erred when it sentenced Appellant to a maximum sentence."
 {¶ 22} In his third and fourth assignments of error, appellant argues that the trial court erred when it imposed a maximum sentence on the burglary count and then ordered his sentences to run consecutively without making the appropriate findings. The Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, renders the substance of these assignments of error moot for the purposes of this appeal. In Foster, supra, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(C) (E)(4) dealing with maximum and consecutive sentences, and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose maximum sentences and to order multiple sentences to be run consecutively and are no longer required to make findings or state reasons for doing so. Foster, supra.
 {¶ 23} Because appellant's sentence was based on unconstitutional statutes, it is deemed void. In accordance with the decision in Foster, supra, appeals involving sentencing claims require vacating the sentence and remanding the cause for resentencing.
Finding of guilt affirmed; sentence vacated, and cause remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] It was stipulated that appellant was previously convicted of drug trafficking in CR-449037, forming the basis of Count 4 of this indictment.