JOURNAL ENTRY and OPINION
{¶ 1} Appellant Michael McCollins appeals the sentence imposed by the trial court for his convictions for attempted murder and aggravated burglary. He assigns the following error for our review:
"Appellant's nonminimum sentence violates his constitutionalright to a jury trial."
 {¶ 2} Having reviewed the record and pertinent law, we vacate McCollins' sentence and remand the matter for resentencing based on the Ohio Supreme Court's recent decision of State v.Foster.[1] The apposite facts follow.
 {¶ 3} On June 29, 2004, the Cuyahoga County Grand Jury indicted McCollins on one count each for attempted murder, felonious assault, aggravated burglary, and domestic violence. The attempted murder and aggravated burglary counts included a prior conviction and repeat violent offender specification.
 {¶ 4} On November 8, 2004, McCollins pled guilty to attempted murder and aggravated burglary, with the prior conviction and repeat violent offender specifications deleted. The remaining counts were nolled. The trial court sentenced McCollins to four years on each count, to run concurrent with each other.
 Nonminimum Sentence {¶ 5} In his sole assigned error, McCollins contends his nonminimum sentence violated the U.S. Supreme Court's decisions of Blakely v. Washington[2] and United States v.Booker.[3]
 {¶ 6} This case is controlled by the Ohio Supreme Court's recent decision of State v. Foster.[4] In Foster, the Court held several of Ohio's sentencing statutes were unconstitutional[5] for violating the Sixth Amendment to the United States Constitution in the manner set forth inApprendi v. New Jersey,[6] and Blakely v.Washington,[7] and ordered them severed from the Ohio Revised Code. Trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range.[8]
 {¶ 7} The Court held that with respect to cases pending on direct review, where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter should be remanded to the trial court for a new sentencing hearing.[9]
 {¶ 8} In this case, the trial court relied on R.C. 2929.14(B) when sentencing McCollins to more than the minimum prison term. The court found that a nonminimum sentence was appropriate because McCollins had served a prior prison term. Although the U.S. Supreme Court in Blakely held findings of prior convictions were properly determined by the trial court and no jury determination was needed, the Ohio Supreme Court in Foster
declared R.C. 2929.14(B) unconstitutional in its entirety and severed it from Ohio's sentencing code. Because McCollins' sentence is based on an unconstitutional statute, it is void and must be vacated and the matter remanded for resentencing. Accordingly, McCollins' sole assigned error is sustained.
 {¶ 9} This matter is affirmed as to the trial court's finding of guilty; sentence vacated and remanded for resentencing.
 {¶ 10} This matter is affirmed in part, sentence vacated and remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Anthony O. Calabrese, Jr.,J., concur.
[1] 109 Ohio St.3d 1, 2006-Ohio-856.
[2] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[3] (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.
[4] Id.
[5] Foster holds that the following statutory sections are unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A).
[6] Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435.
[7] Blakely, supra.
[8] Foster at ¶ 100.
[9] ¶ 103 and ¶ 104.