JOURNAL ENTRY AND OPINION
{¶ 1} Michael McCollins has filed a timely application for reopening pursuant to App.R. 26(B). McCollins is attempting to reopen the appellate judgment that was rendered by this court inState v. McCollins, Cuyahoga App. No. 86561, 2006-Ohio-2888, which affirmed his plea of guilty to the offenses of attempted murder and aggravated robbery, but vacated the sentence imposed by the trial court and remanded for resentencing. For the following reasons, we decline to reopen McCollins' appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata bars consideration of McCollins' application for reopening. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also held that a claim of ineffective assistance of appellate counsel may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204. In the case sub judice, McCollins possessed a prior opportunity to challenge the alleged ineffectiveness of his appellate counsel through a direct appeal to the Supreme Court of Ohio. McCollins, however, failed to file an appeal with the Supreme Court of Ohio, with regard to Statev. McCollins, supra, and has further failed to provide this court with any reason as to why such an appeal was not filed.State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408. McCollins has also failed to demonstrate why the circumstances of his appeal render the application of the doctrine of res judicata unjust.
 {¶ 3} Finally, a substantive review of McCollins' brief in support of his application for reopening fails to demonstrate that he was provided ineffective assistance of appellate counsel. McCollins argues that his appellate counsel was ineffective on appeal by failing to argue a denial of the right to speedy trial. A guilty plea, however, is considered a waiver of the right to a speedy trial.
We thus reaffirm the principle recognized in the Brady [v.United States (1970), 397 U.S. 742, 90 S.Ct. 1463,25 L.Ed 2d 747] trilogy; a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson (1970), 397 U.S. 759,90 S.Ct. 1441, 25 L.Ed. 763].
 State v. Spates (1992), 64 Ohio St.3d 269, 272,595 N.E.2d 351.
 {¶ 4} In the case sub judice, McCollins entered a plea of guilty to the charged offenses of attempted murder and aggravated burglary. The plea of guilty constituted a waiver of any violation of the right to a speedy trial. State v. Kelley
(1991), 57 Ohio St.3d 127, 566 N.E.2d 658; State v. Wright
(Dec. 12, 1991), Cuyahoga App. No. 59638, 58639, 59640. Thus, appellate counsel was not required to raise, on appeal, any claimed error with regard to the right to a speedy trial. Jonesv. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308;State v. Reed, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456;State v. Grimm, 73 Ohio St.3d 413, 1995-Ohio-24,653 N.E.2d 253; State v. Campbell, 69 Ohio St.3d 38, 1994-Ohio-492,630 N.E.2d 339. It must also be noted that McCollins has not alleged that his plea of guilty was not voluntarily and intelligently given.
 {¶ 5} Accordingly, we decline to reopen McCollins' appeal and deny his application for reopening.
Mary Eileen Kilbane, P.J., and Christine T. Mcmonagle, J., concur.