JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael McCollins, appeals the sentence imposed by the trial court for his convictions for attempted murder and aggravated burglary. We affirm.
 {¶ 2} In June 2004, the Cuyahoga County Grand Jury indicted McCollins on one count each for attempted murder, felonious assault, aggravated burglary, and domestic violence. The attempted murder and aggravated burglary counts included prior conviction and repeat violent offender specifications.
 {¶ 3} On November 8, 2004, as part of a plea bargain, McCollins pled guilty to attempted murder and aggravated burglary, with the prior conviction and repeat violent offender specifications deleted. The State nolled the remaining counts. The trial court sentenced McCollins to four years on each count, to run concurrently.
 {¶ 4} McCollins appealed his sentence. In light of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, this court vacated McCollins' sentence and remanded for resentencing. State v. McCollins, Cuyahoga App. No. 86561, 2006-Ohio-2888. The court stated:
 {¶ 5} "In Foster, the [Ohio Supreme] Court held several of Ohio's sentencing statutes were unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth inApprendi v. New Jersey [(2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435] and Blakely v. Washington [(2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403], and ordered them severed from the Ohio *Page 4 
Revised Code. Trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range.
 {¶ 6} "In this case, the trial court relied on R.C. 2929.14(B) when sentencing McCollins to more than the minimum prison term. The court found that a nonminimum sentence was appropriate because McCollins had served a prior prison term. Although the U.S. Supreme Court inBlakely held findings of prior convictions were properly determined by the trial court and no jury determination was needed, the Ohio Supreme Court in Foster declared R.C. 2929.14(B) unconstitutional in its entirety and severed it from Ohio's sentencing code. Because McCollins' sentence is based on an unconstitutional statute, it is void and must be vacated and the matter remanded for resentencing."
 {¶ 7} Upon remand, the trial court again sentenced McCollins to four years on each count, to be served concurrently.
 {¶ 8} McCollins now appeals this sentence. He argues that because his criminal conduct pre-dated Foster, any retroactive application ofFoster is a violation of his due process rights as an ex post facto law.
 {¶ 9} We reject his argument in light of this court's recent decision in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, atfflf 37-48. See, also, State v. Brito, Cuyahoga App. No. 88223,2007-Ohio-1311.
 Affirmed. *Page 5 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1