JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Phillip Distasio, appeals the sentence imposed by the trial court after he pled guilty to all 74 counts on which he was indicted. For the reasons that follow, we affirm in part, vacate in part, and remand for correction of the sentencing entry.
 {¶ 2} On October 16, 2006, the trial court sentenced Distasio as follows: *Page 3 
 — on counts 1, 2, 5, 8, and 11, corrupting another with drugs, felonies of the fourth degree, 12 months incarceration on each;
 — on counts 3, 6, 7, 9, 10, 12 through 25, 27 through 32, and 38, rape, each with a sexually violent predator specification, life in prison without the possibility of parole; to run consecutive to each other, but concurrent with all other counts;
 — on count 4, gross sexual imposition, a third degree felony, and count 26, disseminating obscene matter to juveniles, a fourth degree felony, one year incarceration;
 — on counts 33 through 37, 40, and 41, gross sexual imposition, each with a sexually violent predator specification, felonies of the third degree, two years;
 — on count 39, kidnapping with sexual motivation and sexually violent predator specifications, 10 years to life in prison;
 — on counts 42 through 73, pandering obscenity involving a minor, second degree felonies, eight years on each count, to be served consecutively;
 — on count 74, possession of criminal tools, a fifth degree felony, six months. *Page 4 
 — The court ordered that all counts were to be served concurrently, except for the rape and pandering counts, as noted above, and ordered five years of post-release control.
 {¶ 3} The trial court also ordered that Distasio was "not allowed access to a computer with Internet capability. All incoming and outgoing mail is to be screened. Mail claimed to be attorney/client is to be screened by an attorney who will respect the attorney/client privilege."
 {¶ 4} Distasio now appeals his sentence.
 {¶ 5} In his first and second assignments of error, Distasio argues that the trial court erred in sentencing him to consecutive and maximum sentences without making the necessary findings pursuant to R.C.2929.14(E)(4) and 2929.14(C), respectively.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that certain sections of Ohio's sentencing code were unconstitutional because they required judicial findings of fact not proven to a jury beyond a reasonable doubt before a court could impose certain sentences. Among these provisions were R.C. 2929.14(E), regarding consecutive sentences, and R.C. 2929.14(C), regarding maximum sentences. The Supreme Court excised these, and other, provisions from the code. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to making *Page 5 
findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at ¶ 10.
 {¶ 7} Distasio was sentenced on October 16, 2006, afterFoster was announced. Accordingly, the trial court was not required to make findings or give its reasons for imposing consecutive or maximum sentences.
 {¶ 8} Distasio argues that Foster should not apply to his case because his criminal conduct pre-dated the Foster decision. He contends that any retroactive application of Foster is a violation of his due process rights as an ex post facto law. We reject Distasio's argument in light of this court's recent decision in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶ s 37-48. See, also, State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311; State v. McCollins, Cuyahoga App. No. 88657, 2007-Ohio-2380; State v. Ferko, Cuyahoga App. No. 88182;2007-Ohio-1588; State v. Shamaly, Cuyahoga App. No. 88409,2007-Ohio-3409.
 {¶ 9} Appellant's first and second assignments of error are therefore overruled.
 {¶ 10} In his third assignment of error, Distasio challenges the trial court's order denying him access to computers with Internet capability and ordering that his mail be screened.
 {¶ 11} A trial court may only impose a sentence as provided for by law. State v. Dillon (1883), 30 Ohio St. 586; State v. Eberling (Apr. 9, 1992), Cuyahoga *Page 6 
App. No. 58559. The punishment allowed by law for rape, kidnapping, gross sexual imposition, corrupting another with drugs, disseminating obscene matter to juveniles, pandering obscenity involving a minor, and possession of criminal tools does not provide for denying computer Internet access and screening mail.
 {¶ 12} Offending parts of sentencing orders may be vacated without a remand for resentencing. Shamaly, supra, at ¶ 18, citing State v.Evans, 113 Ohio St.3d 100, 2007-Ohio-861, paragraph one of the syllabus;State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245. Accordingly, that part of the trial court's order denying Distasio access to a computer with Internet capability and ordering that his mail be screened is vacated.
Sentence affirmed in part; vacated in part; case remanded for correction of sentencing entry.
It is ordered that the parties share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and *Page 7 
MARY J. BOYLE, J., CONCUR. *Page 1