{¶ 1} At a hearing in February 2007, defendant-appellant, Christopher E. Hall, admitted that between December 14, 2005 and January 23, 2006, he committed theft in office, unauthorized use of a computer or other telecommunication property, and telecommunication fraud, in violation of R.C. 2921.41, 2913.04, and 2913.05, respectively. He pled guilty to the charges and agreed to make restitution in the amount of $12,218.81 to the city of Cleveland, Hall's former employer.
 {¶ 2} On March 7, 2007, the trial court sentenced Hall to two years incarceration, to be served consecutive to a sentence he was already serving in Lake County for similar but unrelated offenses, and ordered him to pay restitution.
 {¶ 3} In this appeal, Hall argues that the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, announced on February 27, 2006, should not apply to his case. In Foster, the Ohio Supreme Court declared several sections of Ohio's statutory sentencing scheme unconstitutional and excised the offending sections. The Supreme Court held that "after the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at T|99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at paragraph seven of the syllabus. Hall argues on appeal that, because his criminal *Page 4 
conduct predated the Foster decision, any application of the post-Fosfer sentencing scheme to his case violates the Due Process and Ex Post Facto Clauses of the United States and Ohio Constitutions. We reject Hall's argument.
 {¶ 4} This court has repeatedly held that applying the remedial holding in Foster to criminal defendants who committed their offenses before the Foster decision was announced does not violate due process rights or ex post facto principles. See, e.g., State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715; State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311; State v. McCollins, Cuyahoga App. No. 88657,2007-Ohio-2380; State v. Ferko, Cuyahoga App. No. 88182, 2007-Ohio-1588;State v. Shamaly, Cuyahoga App. No. 88409, 2007-Ohio-3409. We follow these decisions and overrule Hall's assignment of error.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
ANTHONY O. CALABRESE, JR., P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1