JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Joe Brito, appeals from the trial court's sentencing order. For the reasons that follow, we affirm.
 {¶ 2} In April 2005, a Cuyahoga County Grand Jury indicted Brito on a 37-count indictment. Counts one through 15 of the indictment charged him with rape in violation of R.C. 2907.02; counts 16 through 26 charged him with gross sexual imposition in violation of R.C. 2907.05; and counts 27 through 37 charged him with kidnapping in violation of R.C. 2905.01.
 {¶ 3} In January 2006, as part of a plea bargain agreement, Brito pled guilty to counts one through four of the indictment, as amended. In return, the State agreed to nolle the remaining counts and to delete the specifications of force and age from counts one through four, thereby removing the potential for life imprisonment without parole. Because each count represented a different offense occurring on different days, the counts did not merge for sentencing purposes. As part of the plea bargain, Brito also stipulated to a sexual predator classification.
 {¶ 4} On April 12, 2006, the trial court sentenced him to four years incarceration on each of amended counts one, two and three, and three years on amended count four. The trial court ordered all terms to be served consecutively, for an aggregate sentence of 15 years. Brito now appeals.
 {¶ 5} In his single assignment of error, Brito argues that the trial court erred by sentencing him to consecutive sentences without making the necessary findings. *Page 4 
 {¶ 6} In Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, the United States Supreme Court held that, in light of the Sixth Amendment's right to a jury trial, any fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt or admitted by the defendant. Subsequently, inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that certain sections of Ohio's sentencing code violated the principles announced in Blakely because they required judicial findings of fact not proven to a jury beyond a reasonable doubt before a court could impose certain sentences. Among these provisions was R.C.2929.14(E) regarding consecutive sentences. The Ohio Supreme Court found this section, among others, unconstitutional and excised it from Senate Bill 2. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at [100.
 {¶ 7} Brito was sentenced after Foster was announced and, therefore, the trial court was not required to make any findings in order to sentence him to consecutive sentences. Brito argues, however, that because Foster changed sentencing procedure after he pled guilty but before he was sentenced, the terms of his plea bargain changed, rendering the plea agreement invalid. He contends that he relied *Page 5 
he relied on the status of the law at the time he made his plea agreement and, because the law changed, he is now being denied the "benefit of the bargain" he made with the State.
 {¶ 8} We disagree. The State's promise under the plea agreement was to eliminate the potential for life imprisonment without parole by deleting the specifications of force and age from counts one through four and nolleing the remaining counts. Because that promise was performed, the State has not breached its contractual duty.
 {¶ 9} In the alternative, Brito asserts that "since the terms of the contract have changed, along with the state of the law," he should be permitted to withdraw his plea because it was not knowingly, voluntarily, and intelligently made. Crim.R. 21.1 provides that a court may permit a defendant to withdraw his plea after sentence upon a showing of manifest injustice. Brito successfully bargained for the State to drop additional charges and specifications to eliminate the potential for a punishment of life imprisonment. At the time he pled guilty, he was aware of the potential punishment he could be facing. Each of the four counts to which he pled guilty carried with it a mandatory three to ten-year prison sentence, for a potential maximum punishment of 40 years in prison. Instead, he was sentenced to a term of 15 years, which includes the minimum sentence allowed by statute on count four. This is a sentence that Brito could have received either before or after Foster. Accordingly, we find no manifest injustice. *Page 6 
 {¶ 10} Finally, Brito argues that because his criminal conduct pre-dated Foster,
 {¶ 11} any retroactive application of Foster is a violation of his due process rights as an ex post facto law. We reject Brito's argument in light of this court's recent decision in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶ s 37-48.
 {¶ 12} Appellant's assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR *Page 1