JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Troy Parks, ("defendant") appeals from the two-year prison sentence imposed on him by the trial court. Defendant plead guilty to drug trafficking, felonious assault, and failure to comply. He believes his sentence was imposed based upon a retroactive application of the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, in violation of the Ex Post Facto Clause of the United States Constitution. For the following reasons, we affirm.
 {¶ 2} The two-year prison term is the consequence of his guilty pleas in Case No. CR-471052 to one count of drug trafficking and Case No. CR-476057 to one count of felonious assault (a felony of the second degree) and one count of failure to comply. The court imposed a one-year term of imprisonment on the drug trafficking charge to run consecutively to a one-year term of imprisonment for the failure to comply charge, followed by a 36-month period of community control sanctions for the second degree felonious assault charge. By imposing a blended sentence of community control and imprisonment in Case No. CR-476057, the court made a downward departure from the presumption of imprisonment that applies to second degree felonies and thus reduced defendant's minimum term of incarceration in that case from three years.[1] *Page 4 
 {¶ 3} Defendant's sole assignment of error states:
 {¶ 4} "I. The trial court erred in not sentencing the defendant to the minimum term of incarceration in light of the ex post facto considerations inherent in the due process clause."
 {¶ 5} It is defendant's belief that he received a harsher sentence, i.e., more than the minimum one-year concurrent sentence, as a result of the Ohio Supreme Court's decision in Foster. Assuming without deciding that the provisions of R.C. 2921.331(D) did not apply in this case, defendant's two-year sentence was still not contrary to law.
 {¶ 6} Foster was decided on February 27, 2006 and the trial court sentenced defendant on August 9, 2006. Defendant argues that on the date he committed the offenses for which he was sentenced (July 30, 2005 and December 17, 2005), the greatest prison sentence he could have possibly received was a minimum, concurrent sentence. This is not true. While the pre-Foster sentencing scheme did provide for certain presumptions in felony sentencing, such as minimum, concurrent sentences, the same could be overcome by the presence of certain facts. In other words, the felony sentencing ranges did not change in the wake of Foster. Rather, *Page 5 
the Ohio Supreme Court excised the judicial fact-finding provisions that it found to be unconstitutional and directed that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 7} There no longer existed presumptions of minimum, concurrent sentences at the time defendant was sentenced. Notwithstanding, he still faced the same range of potential prison sentences on the date he committed the subject offenses as he did on the day he was sentenced. In fact, had defendant received prison terms on each of his convictions, the minimum term he would have faced was three years. Instead, the trial court opted to impose a blended sentence of community control and prison in Case No. CR-476057 which is permitted by law. E.g., State v.Molina, Cuyahoga App. No. 83166, 2004-Ohio-1110, T|10. The court made a downward departure by imposing community control sanctions for the second degree felonious assault rather than a prison term, which does not implicate the constitutional concerns at issue in Foster. SeeState v. Mathias, 109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 8} In any case, this Court has already addressed and rejected the ex post facto claims relative to the application of Foster. State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶¶ 39-48. InMallette, this Court held as follows:
 {¶ 9} "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id., followed by State v.Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301, T|56; State v.Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311, ¶ 11.
 {¶ 10} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY EILEEN KILBANE, J., CONCUR
[1] The possible terms of imprisonment for second degree felonies range between 2 and 8 years. Furthermore, the penalties for failure to comply are contained in R.C. 2921.331, wherein paragraph (D) requires "If an offender is sentenced pursuant to division (C) (4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." *Page 1