JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Van Le ("defendant"), appeals the resentencing imposed by the Cuyahoga County Court of Common Pleas after he pled guilty to one count of aggravated robbery and one count of felonious assault. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On December 24, 2003, defendant was indicted by the Cuyahoga County Grand Jury for aggravated robbery, kidnapping, resisting arrest, attempted aggravated murder, and two counts of felonious assault.
 {¶ 3} On March 15, 2004, defendant pled guilty to one count of aggravated robbery and one count of felonious assault and was sentenced to consecutive terms *Page 2 
of ten years on the aggravated robbery and eight years on the felonious assault, for a total prison term of 18 years.
 {¶ 4} Defendant timely appealed and on March 14, 2005, this Court affirmed defendant's sentence. See State v. Le, Cuyahoga App. No. 84429,2005-Ohio-881.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court reversed and remanded the case for resentencing based upon its finding that portions of Ohio's felony sentencing statutes violated the Sixth Amendment to the United States Constitution. See State v. Foster, 109 Ohio St.1,2006-Ohio-856.
 {¶ 6} On August 31, 2006, defendant was resentenced to the same terms of ten years on the aggravated robbery and eight years on the felonious assault for a total prison term of 18 years. It is from this sentence that defendant timely appeals and raises the following two assignments of error for our review, which shall be addressed together.
 {¶ 7} "I. The trial court erred by imposing non-minimum, maximum, and consecutive sentences in violation of the due process and ex post facto clauses of the United States Constitution. Fifth, Sixth, andFourteenth Amendments to the United States Constitution.
 {¶ 8} "II. The trial court did not have the authority to impose consecutive sentences." *Page 3 
 {¶ 9} In these assignments of error, defendant challenges the trial court's imposition of sentence. Specifically, defendant asserts that the trial court erred in sentencing him to consecutive terms of incarceration and not a minimum term of three years. Defendant contends that he received a harsher sentence as a result of the retroactive application of the Ohio Supreme Court's decision in State v.Foster, supra. We disagree and find that defendant's eighteen-year sentence was not contrary to law.
 {¶ 10} Foster was decided on February 27, 2006 and the trial court resentenced defendant on August 31, 2006. Defendant argues that on the date he committed the offenses for which he was sentenced (November 16, 2003), there was a presumption that the greatest prison sentence he could receive was a minimum, concurrent sentence of three years. While this is true, it is also true that this presumption could be overcome by the presence of certain facts. In other words, the felony sentencing ranges did not change in the wake of Foster. Rather, the Ohio Supreme Court excised the judicial fact-finding provisions that it found to be unconstitutional and directed that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. *Page 4 
 {¶ 11} Accordingly, at the time defendant was resentenced, presumptions of minimum sentences no longer existed. Notwithstanding, defendant still faced the same range of potential prison sentences on the date he committed the subject offenses as he did on the day he was resentenced. Accordingly, defendant's consecutive prison term of 18 years (ten years on the aggravated robbery count, and eight years on the felonious assault), rather than the minimum, concurrent term of three years, is not contrary to law.
 {¶ 12} In any case, this Court has already addressed and rejected the ex post facto claims relative to the application of Foster. SeeState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶¶ 39-48. InMallette, this Court held as follows:
 {¶ 13} "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id., followed by State v.Parks, Cuyahoga App. No. 88671, 2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301, T|56; State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311, ¶ 11.
 {¶ 14} Assignments of Error I and II are overruled. *Page 5 
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR *Page 1