JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Perry Reid ("defendant"), appeals the resentencing imposed by the Cuyahoga County Court of Common Pleas after he was found guilty on several counts of rape, gross sexual imposition, and kidnapping. For the following reasons, we affirm in part, reverse in part and remand.
 {¶ 2} On June 17, 2003, a jury returned a guilty verdict on four counts of rape, eight counts of gross sexual imposition, and four counts of kidnapping with specifications of sexual motivation. On June 25, 2003, defendant was sentenced to consecutive terms of life in prison on two of the rape counts, ten years on the other two rape counts, eight years on each of the kidnapping counts, five years on four of the gross sexual imposition counts, and 18 months on the other four counts of gross sexual imposition.
 {¶ 3} Defendant timely appealed and on April 22, 2004, this Court affirmed defendant's conviction, but remanded the matter for a new sentencing hearing and merger of the kidnapping and rape offenses. SeeState v. Reid, Cuyahoga App. No. 83206, 2004-Ohio-2018.
 {¶ 4} On January 25, 2005, defendant was resentenced in accordance with this Court's directive and received consecutive terms of life in prison on two of the rape counts, ten years on the other two rape counts, five years on four of the gross sexual imposition counts, and 18 months on the other four counts of gross sexual imposition. The kidnapping convictions were merged with the rape counts. *Page 4 
 {¶ 5} Defendant timely appealed and on August 3, 2006, this Court reversed and remanded the case for resentencing based upon the Ohio Supreme Court's finding that portions of Ohio's felony sentencing statutes violated the Sixth Amendment to the United States Constitution.State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v.Reid, Cuyahoga App. No. 87290, 2006-Ohio-3978.
 {¶ 6} On October 18, 2006, defendant was resentenced to the same term imposed by the trial court on June 25, 2003. Specifically, defendant received consecutive terms of life in prison on two of the rape counts, ten years on the other two rape counts, eight years on each of the kidnapping counts, five years on four of the gross sexual imposition counts, and 18 months on the other four counts of gross sexual imposition. It is from this sentence that defendant timely appeals and raises the following two assignments of error for our review.
 {¶ 7} "I. The trial court erred when it imposed a sentence of ten years to life on Counts 18 through 21, where the conviction on those counts had been previously merged."
 {¶ 8} In his first assignment of error, defendant asserts that the trial court erred when it failed to merge the kidnapping and rape counts as allied offenses. The State concedes this assignment of error. Accordingly, this assignment of error is sustained and the matter remanded for the sole purpose of merging the kidnapping and rape convictions and thereby modifying the sentence on Counts 18-21. *Page 5 
 {¶ 9} "II. The trial court erred when it sentenced appellant underState v. Foster in violation of appellant's right against ex post facto legislation."
 {¶ 10} In his second assignment of error, defendant asserts that the trial court erred in not sentencing him to concurrent terms of incarceration. Specifically, defendant contends that he received a harsher sentence as a result of the retroactive application of the Ohio Supreme Court's decision in State v. Foster, supra. We disagree and find that defendant's consecutive terms of imprisonment are not contrary to law.
 {¶ 11} Foster was decided on February 27, 2006 and the trial court sentenced defendant on October 18, 2006. Defendant argues that at the time he committed the offenses for which he was sentenced (2003), there was a presumption that he would receive concurrent prison sentences. The felony sentencing ranges did not change in the wake of Foster. Rather, the Ohio Supreme Court excised the judicial fact-finding provisions that it found to be unconstitutional and directed that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at 4|100. In other words, defendant still faced the same range of potential prison sentences on the date he committed the subject offenses as he did on the day he was sentenced. Accordingly, defendant's prison term of consecutive terms of imprisonment, rather than concurrent terms, is not contrary to law. *Page 6 
 {¶ 12} In any case, this Court has already addressed and rejected the ex post facto claims relative to the application of Foster. SeeState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶¶ 39-48. InMallette, this Court held as follows:
 {¶ 13} "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id., followed by State v. VanLe, Cuyahoga App. No. 88799, 2007-Ohio-4045; State v. Parks, Cuyahoga App. No. 88671, 2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134,2007-Ohio-1301; State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311.
 {¶ 14} The second assignment of error is overruled.
Affirmed in part, reversed in part and remanded for merger of the allied offenses and modification of sentence on Counts 18-21.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded for further proceedings. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR *Page 1