JOURNAL ENTRY AND OPINION
{¶ 1} On April 19, 2005, a Cuyahoga County Grand Jury indicted defendant-appellant Kevin Tenbrook ("Tenbrook") with the following counts: two counts of rape with sexually violent predator specifications attached; two counts of kidnapping with sexual motivation specifications and sexually violent predator specifications attached; and lastly, three counts of gross sexual imposition with a sexually violent predator specification attached.
 {¶ 2} On October 27, 2005, the State amended the first count of rape to sexual battery and also deleted the sexually violent predator specification. The State also amended the final count of gross sexual imposition by deleting the sexually violent predator specification as well. Tenbrook pleaded guilty to sexual battery and the final count of gross sexual imposition. The remaining counts were nolled.
 {¶ 3} On December 21, 2005, the trial court sentenced Tenbrook to four years of imprisonment for sexual battery, to be served concurrent to eleven months of imprisonment for gross sexual imposition. The trial court also imposed a $7,500 fine. On the same day, the trial court conducted a H.B. 180 hearing and the court determined that Tenbrook be classified a habitual sex offender.
 {¶ 4} On January 23, 2006, Tenbrook filed a notice of appeal. We affirmed the convictions but vacated the sentence and remanded for resentencing.
 {¶ 5} On January 17, 2007, the trial court resentenced Tenbrook to three years of imprisonment for sexual battery to be served concurrent to twelve months of *Page 2 
imprisonment for gross sexual imposition. The trial court reiterated that Tenbrook remains subject to a $7,500 fine and also remains designated as a habitual sexual offender.
 {¶ 6} The facts giving rise to the instant case occurred between September 1, 1999 and June 1, 2001 and involved Tenbrook's two daughters, both under the age of thirteen at the time of commission of the crimes.
 {¶ 7} On February 15, 2007, Tenbrook appealed and asserts one assignment of error for our review:
 "The trial court erred by ordering Appellant to serve more than the minimum sentence."
 {¶ 8} Tenbrook argues that since he committed his crimes prior to the Supreme Court decision, State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, that his sentence violates the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. We disagree.
 {¶ 9} Appellate courts review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal citations omitted.) State v. Samuels, Cuyahoga App. No. 88610,2007-Ohio-3904. *Page 3 
 {¶ 10} The Supreme Court of Ohio in State v. Foster held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Additionally, "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id.
 {¶ 11} Furthermore, the Ex Post Facto Clause prohibits, "every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed." State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. "Although the federal and state constitutions prohibit ex post facto legislation, similar restrictions have been placed on judicial opinions." (Emphasis in original.)State v. McGhee, Shelby County App. No. 17-06-05, 2006-Ohio-5162.
 {¶ 12} We have held that Foster does not violate federal or state due process rights or the ex post facto principles contained therein. Specifically, we held:
 "In the instant case, Mallette [the criminal defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding in Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Mallette, supra, at paragraph 47.
 {¶ 13} Tenbrook argues that he should be sentenced to the minimum, concurrent term. However, he does not argue any of the exceptions set forth in *Page 4 Mallette. Thus, Tenbrook's ex post facto and due process arguments lack merit. Tenbrook's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
 COLLEEN CONWAY COONEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1