JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Gilbert King ("defendant"), appeals the resentencing imposed by the Common Pleas Court after he was found guilty of felonious assault, burglary, and having a weapon while under disability. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On November 10, 2005, a jury returned a guilty verdict on one count of felonious assault with a firearm specification, one count of burglary, and one count of having a weapon while under disability. Defendant was sentenced to consecutive terms of seven years on the felonious assault, three years for the firearm specification, 12 months for the burglary, and four years for the having a weapon while under disability, for a total prison term of 15 years.
 {¶ 3} Defendant timely appealed and on December 14, 2006, this Court affirmed his conviction but remanded for sentencing based upon the Ohio Supreme Court's finding that portions of Ohio's felony sentencing statutes violated the Sixth Amendment to the United States Constitution.State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v.King, Cuyahoga App. No. 87607, 2006-Ohio-6584.
 {¶ 4} On February 2, 2007, defendant was resentenced to the same terms of seven years on the felonious assault, three years on the firearm specification, one year on the burglary, and four years on the having a weapon while under disability, for a total prison term of 15 years. It is from this sentence that defendant timely appeals and raises one assignment of error for our review: *Page 4 
 {¶ 5} "I. The trial court erred by ordering appellant to serve a consecutive sentence without first considering a concurrent sentence and by making findings not supported by the record."
 {¶ 6} In this assignment of error, defendant challenges the trial court's imposition of sentence. Specifically, defendant asserts that the trial court erred in sentencing him to consecutive terms of incarceration rather than a minimum, concurrent term of incarceration without making any findings. Defendant contends that he received a harsher sentence as a result of the retroactive application of the Ohio Supreme Court's decision in State v. Foster, 2006-Ohio-856. We disagree and find that defendant's 15-year sentence was not contrary to law.
 {¶ 7} Foster was decided on February 27, 2006 and the trial court resentenced defendant on February 2, 2007. Defendant argues that on the date he committed the offenses for which he was sentenced (April 29, 2005), there was a presumption that he would receive a minimum, concurrent sentence. The felony sentencing ranges did not change in the wake of Foster. Rather, the Ohio Supreme Court excised the judicial fact-finding provisions that it found to be unconstitutional and directed that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at T|100. In other words, defendant still faced the same range of potential prison sentences on the date he committed the subject offenses as he did on the day he *Page 5 
was sentenced. Accordingly, the trial court was not required to make findings justifying its decision and defendant's prison term of consecutive terms of imprisonment, rather than concurrent terms, is not contrary to law.
 {¶ 8} In any case, this Court has already addressed and rejected the ex post facto claims relative to the application of Foster. SeeState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶¶ 39-48. InMallette, this Court held as follows:
 {¶ 9} "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id., followed by State v.Reid, Cuyahoga App. No. 89006, 2007-Ohio-5858; State v. Van Le, Cuyahoga App. No. 88799, 2007-Ohio-4045; State v. Parks, Cuyahoga App. No. 88671,2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301, T|56; State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311, ¶ 11.
 {¶ 10} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1