JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Marc Zak ("defendant"), challenges the length of his prison sentence. For the reasons that follow, we affirm.
 {¶ 2} Defendant pled guilty to theft and was sentenced to serve a 12-month prison term. His sole assignment of error states:
 {¶ 3} "I. The trial court erred by ordering appellant to serve more than the minimum sentence."
 {¶ 4} In this assignment of error, defendant contends that the prison term imposed by the trial court was in error and violated the principles of ex post facto and due process.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court excised various portions of Ohio's statutory sentencing scheme that had required unconstitutional *Page 3 
judicial fact-finding at sentencing. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. The provisions of the law that defendant seeks to invoke (provisions of R.C. 2929.14(B)) no longer exist. Id.
 {¶ 6} It is defendant's contention that the law and statutory sentencing scheme as it existed at the time he committed the offenses and which pre-dated the Ohio Supreme Court's February 27, 2006 decision in State v. Foster, supra, have applied to his sentencing, which occurred after that date. He believes this would have resulted in his receipt of the minimum prison term of six months, if not community control sanctions. Although that is not true,[1] defendant's arguments that are presented in this appeal have already been addressed and rejected by this Court many times. See, e.g., State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53; State v. Reid, Cuyahoga App. No. 89006, 2007-Ohio-5858, citing State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶ 39-48, discretionary appeal not allowed,115 Ohio St.3d 1439, 2007-Ohio-5567. In Mallette, and numerous subsequent decisions, this Court held as follows:
 {¶ 7} "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory *Page 4 
maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id., followed by Tenbrook, supra; Reid, supra; State v. Van Le, Cuyahoga App. No. 88799, 2007-Ohio-4045; State v. Parks, Cuyahoga App. No. 88671,2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301;State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311.
 {¶ 8} Defendant acknowledges the prior precedent from this Court that overrules the arguments he presents in this appeal. He indicates that he only raises the arguments here in order "to preserve those issues and thus Appellant's rights." Accordingly, defendant's assignment of error is overruled based on the controlling precedent from this Court.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
COLLEEN CONWAY COONEY, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The record indicates that defendant previously served time in prison. That would negate the judicial fact-finding that was required to impose a more than the minimum prison sentence on those who had not previously served a prison term under the pre-Foster statutory law.
 *Page 1