JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Robert Croom (appellant) appeals the sentence imposed by the Cuyahoga County Common Pleas Court, after he pleaded guilty to various counts of the indictments in three separate cases: CR-468370, CR-465946, and CR-466059. For the reasons stated herein, we affirm appellant's convictions and remand for correction of the sentencing entries, as they vary from what was stated by the trial court on the record. (Tr. 40-42.)
 {¶ 2} On January 16, 2006, appellant pleaded guilty and was sentenced in the three above-referenced cases as follows.
 {¶ 3} In CR-465946, appellant pleaded guilty to count two, having a weapon while under disability, in violation of R.C. 2923.12, with a date of offense of March 27, 2005. The remaining counts were nolled by the State. The court sentenced the appellant to three years on the felony of the third degree.
 {¶ 4} In CR-466059, appellant pleaded guilty to counts eight and ten of a sixteen count indictment, both drug trafficking with schoolyard specifications, in violation of R.C. 2925.03, with dates of offenses of April 1, 2005 and April 22, 2005, respectively. The remaining counts were nolled by the State. In this case, the court sentenced the appellant to three years on count eight, drug trafficking with a schoolyard specification, a felony of the third degree. As to count ten, drug trafficking with a schoolyard specification, a felony of the first degree, the court sentenced the appellant to a three-year mandatory sentence. *Page 4 
 {¶ 5} In CR-468370, appellant pleaded guilty to counts one and three, drug possession, in violation of R.C. 2925.11, felonies of the first and fourth degree respectively; both offenses occurred on June 17, 2005. The remaining counts were nolled by the State. The trial court imposed a three-year mandatory sentence on count one, drug possession, a felony of the first degree. Mentioning this case last in sentencing he stated, "[a]ll those sentences will run concurrent with each other." As to count three, drug possession, a felony of the fourth degree, he ordered the appellant to be sentenced to fifteen months, which was ordered to run consecutive to each of the other sentences. (Tr. 40-41.)
 {¶ 6} On June 28, 2007, appellant filed a motion to correct clerical error in sentencing entry (nunc pro tunc), but the trial court could not rule on the motion given appellant's timely appeal of his sentences filed on June 21, 2007.
 {¶ 7} Appellant appeals, raising the following three assignments of error:
 {¶ 8} Appellant's first and third assignments of error will be considered together.
ASSIGNMENT OF ERROR ONE
 "The trial court erred when it sentenced the defendant-appellant to prison terms beyond the minimum and consecutive terms pursuant to the O.R.C. 2929 sentencing law as amended by Ohio v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856." *Page 5 
ASSIGNMENT OF ERROR THREE
 "The trial court erred by sentencing the defendant-appellant to more than the minimum prison terms and to consecutive terms based on the severence function performed by the Ohio Supreme Court in Foster which severence was a violation of the principle of separation of powers."
 {¶ 9} Appellant argues in his first and third assignments of error that since he committed his crimes prior to the Foster decision and was sentenced after the Foster decision was announced, his current sentences in these three cases sub judice, which were nonminimum and nonconsecutive in part, violate his due process rights by the ex post facto application of Foster.
 {¶ 10} We disagree with appellant's argument as this court has already addressed and rejected the ex post facto and due process claims as they apply to Foster in State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439,2007-Ohio-5567.[1]
 {¶ 11} In Mallette, this court concluded:
 "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively *Page 6 
apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein."
 {¶ 12} Similarly, the remedial holding of Foster does not violate appellant's due process rights or the ex post facto principles contained therein. Therefore, appellant's first and third assignments of error are overruled.
ASSIGNMENT OF ERROR TWO
 "The trial court erred when its journal entries did not exactly reflect the sentences imposed on the record at the sentencing hearing."
 {¶ 13} In the case sub judice, the appellant argues in his second assignment of error that the trial court's journal entries did not reflect the sentences imposed on the record at sentencing.
 {¶ 14} It has been conceded by the State that the journal entries in CR-466059 (Exhibit A-2) and in CR-468370 (Exhibit A-3) are in error because they do not mirror the sentence stated on the record.
 {¶ 15} Journal entries must conform to the record at the sentencing hearing and must be corrected to reflect that which was stated at the sentencing hearing itself. See State v. Adams (1997), Cuyahoga App. No. 70045, 1997 Ohio App. LEXIS 2215. *Page 7 
 {¶ 16} Therefore, this case is remanded to the trial court for correction of the journal entries of sentence to reflect appellant's true sentence imposed at the January 16, 2006 sentencing hearing.
 {¶ 17} Appellant's convictions are affirmed. This case is remanded to the trial court solely for correction of the journal entries of sentence consistent with this court's disposition of appellant's second assignment of error.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR
[1]
 State v. Reid, Cuyahoga App. No. 89006, 2007-Ohio-5858; State v. Van Le, Cuyahoga App. No. 88799, 2007-Ohio-4045; State v. Parks, Cuyahoga App. No. 88671, 2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301; State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311; State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53; State v. Henderson, Cuyahoga App. No. 89809, 2008-Ohio-2030. *Page 1