JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Daryl Rogers ("defendant"), appeals the eight-year prison sentence imposed by the Common Pleas Court for his resentencing on his convictions in Case No. CR-450424 for abduction, domestic violence, and his conviction of rape in Case No. CR-462217. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On defendant's initial appeal in these matters, this Court affirmed defendant's convictions but remanded for resentencing based upon the Ohio Supreme Court's finding that portions of Ohio's felony sentencing statutes violated the Sixth Amendment to the United States Constitution. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856;State v. Rogers, Cuyahoga App. No. 87181.
 {¶ 3} At resentencing, the trial court imposed the same prison term of eight years, consisting of the five-year prison term in Case No. CR-462217 consecutive to a three-year prison term imposed in Case No. CR-450424. Defendant appeals from this sentence, asserting the following two assignments of error for our review:
 {¶ 4} "I. The trial court erred by ordering appellant to serve more than the minimum sentence.
 {¶ 5} "II. The trial court erred by ordering appellant to serve a consecutive sentence."
 {¶ 6} In his first assignment of error, defendant contends that the prison term imposed by the trial court was in error and violated the principles of ex post facto and *Page 2 
due process. As defendant acknowledges, we have already addressed and rejected these arguments and therefore the first assignment of error is overruled pursuant to the precedent of this Court. State v. Zak, Cuyahoga App. No. 89705, 2008-Ohio-1408, following State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶¶ 39-48; see, also,State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53; State v.Reid, Cuyahoga App. No. 89006, 2007-Ohio-5858; State v. Van Le, Cuyahoga App. No. 88799, 2007-Ohio-4045; State v. Parks, Cuyahoga App. No. 88671,2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301;State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311.
 {¶ 7} In his remaining assignment of error, defendant challenges the trial court's imposition of a consecutive sentence, relying on case law that pre-dates Foster. The Ohio Supreme Court has addressed the imposition of consecutive sentences in its recent decisions of State v.Bates, 118 Ohio St.3d 174 and State v. Hairston, 118 Ohio St.3d 289,2008-Ohio-2338.
 {¶ 8} In Bates, the Ohio Supreme Court reiterated that:
 {¶ 9} "Because of the severance remedy [in Foster], we further held, Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' * * * We acknowledged that although the severance of the sentencing statutes may arguably vitiate some of the *Page 3 
goals of S.B. 2, the severance remedy preserved other fundamental goals of S.B. 2 and, without judicial findings, allowed courts full discretion to impose prison terms within the basic ranges when based on a jury verdict or admission of the defendant. Id. at ¶¶ 100, 102."Bates, 118 Ohio St.3d at 175.
 {¶ 10} In Hairston, the Ohio Supreme Court upheld the imposition of a 134-year sentence, which was an aggregate of consecutive sentences. There, the court reasoned that:
 {¶ 11} "In State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, * * * we held that `[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense.' Id., paragraph one of the syllabus. We stated, `Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time,' and `[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively.' Id. at ¶¶ 8-9."
 {¶ 12} Because the sentences imposed in the underlying cases were within the statutory range and within the court's discretion, they are not contrary to law. Hairston, supra; Bates, supra.
 {¶ 13} Assignments of Error I and II are overruled.
 Judgment affirmed. *Page 4 
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY J. BOYLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1