JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Leroy Lynch, Jr. ("defendant"), appeals the resentencing imposed by the Cuyahoga County Court of Common Pleas after he was found guilty of numerous offenses. For the following reasons, we affirm the decision of the trial court, but remand for correction of the journal entry of sentence.
 {¶ 2} On April 6, 2004, a jury returned a guilty verdict on one count of murder, two counts of felonious assault, one count of aggravated robbery (each with a firearm specification), one count of tampering with evidence, and one count of having a weapon while under disability. Defendant was sentenced to consecutive terms of 15 years to life on the murder, 8 years on the felonious assault, 5 years for tampering with evidence, 10 years on the aggravated robbery, 12 months for having a weapon while under disability, and 3 years for the firearm specifications, for a total sentence of 39 years to life imprisonment (so in original journal entry).
 {¶ 3} Defendant timely appealed and on June 30, 2005, this Court affirmed defendant's conviction but remanded for resentencing based upon the Ohio Supreme Court's finding that portions of Ohio's felony sentencing statutes violated the Sixth Amendment to the United States Constitution. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. SeeState v. Lynch, Cuyahoga App. No. 84637, 2005-Ohio-3392.
 {¶ 4} On January 31, 2007, defendant was resentenced by the trial court to a total reduced sentence of 30 years imprisonment: consecutive terms of 15 years to life on the murder, 5 years on the felonious assault, 2 years for tampering with evidence, 7 years on the *Page 4 
aggravated robbery, 1 year for having a weapon while under disability, and 3 years for the firearm specification. Due to the fact that defendant was not timely appointed counsel to file an appeal, this Court remanded the matter for the trial court to re-enter defendant's judgment of conviction, thus reinstating the time within which defendant could timely file a notice of appeal. See State v. Lynch, Cuyahoga App. No. 88899, 2007-Ohio-4678.
 {¶ 5} On October 30, 2007, defendant was resentenced to the same terms as imposed on January 31, 2007. It is from this sentence that defendant timely appeals and raises one assignment of error for our review, which states:
 {¶ 6} "I. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4)."
 {¶ 7} In this assignment of error, defendant challenges the trial court's imposition of sentence. Specifically, defendant asserts that the trial court erred in sentencing him to consecutive terms of incarceration rather than a minimum, concurrent term of incarceration without making any findings. Defendant contends that he received a harsher sentence as a result of the retroactive application of the Ohio Supreme Court's decision in State v. Foster, 2006-Ohio-856. Defendant's consecutive terms of imprisonment are not contrary to law.
 {¶ 8} Foster was decided on February 27, 2006 and the trial court resentenced defendant on October 30, 2007. Defendant argues that on the date he committed the offenses for which he was sentenced (September 30, 2003), there was a presumption that he would receive a minimum, concurrent sentence. The felony sentencing ranges did not change in *Page 5 
the wake of Foster. Rather, the Ohio Supreme Court excised the judicial fact-finding provisions that it found to be unconstitutional and directed that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. In other words, defendant still faced the same range of potential prison sentences on the date he committed the subject offenses as he did on the day he was sentenced. Accordingly, the trial court was not required to make findings justifying its decision and defendant's prison term of consecutive terms of imprisonment, rather than concurrent terms, is not contrary to law.
 {¶ 9} In any case, this Court has already addressed and rejected the ex post facto claims relative to the application of Foster. SeeState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶ 39-48.In Mallette, this Court held as follows:
 {¶ 10} "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id., followed by State v.King, Cuyahoga App. No. 89475, 2008-Ohio-960; State v. Reid, Cuyahoga App. No. 89006, 2007-Ohio-5858; State v. Van Le, Cuyahoga App. No. 88799, 2007-Ohio-4045; *Page 6 State v. Parks, Cuyahoga App. No. 88671, 2007-Ohio-2518; State v.Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301, ¶ 56; State v.Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311, ¶ 11.
 {¶ 11} Defendant's sole assignment of error is overruled.
 {¶ 12} However, we note that the trial court's journal entry does not reflect the actual sentences imposed on the record at resentencing. Specifically, the sum of the terms imposed reflect a sentence of 33 years to life, not 30 years to life. Journal entries must conform to the record at the sentencing hearing and must be corrected to reflect that which was stated at the sentencing hearing itself. See State v.Croom, Cuyahoga App. Nos. 90036 and 90434, 2008-Ohio-2931; State v.Adams (1997), Cuyahoga App. No. 70045. Therefore, this case is remanded to the trial court for correction of the journal entry of sentence to reflect defendant's true sentence imposed at the October 30, 2007 resentencing hearing.
 {¶ 13} Judgment affirmed and cause remanded to the trial court solely for the purpose of correcting the journal entry of sentence.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of the journal entry of sentence. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and MELODY J. STEWART, J., CONCUR *Page 1