JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Carl Geddes (Geddes), appeals from the judgment of the Cuyahoga County Court of Common Pleas journalized February 1, 2008, that resentenced him following remand by this court. For the reasons set forth below, we affirm the trial court's order imposing sentence.
 {¶ 2} On February 6, 2006, a Cuyahoga County Grand Jury returned an indictment charging Geddes with ten counts of illegal use of a minor in a nudity-oriented performance and ten counts of pandering sexually oriented materials involving a minor. The charges stemmed from Geddes's conduct on November 30, 2005, where he downloaded and printed child pornography at the Cleveland Public Library.
 {¶ 3} On March 6, 2006, Geddes withdrew his initial plea of not guilty and pleaded guilty to six counts of pandering sexually oriented materials involving a minor, all second degree felonies. The State dismissed the remaining counts. The court, in a separate journal entry, journalized March 8, 2006, memorialized the granting of the State's motion to nolle the remaining counts.[1] At the time of Geddes's plea, the parties stipulated to Geddes's prior determination as a sexual predator in January 2001. *Page 4 
 {¶ 4} On April 19, 2006, Geddes appeared before the trial court for sentencing and a House Bill 180 classification. At Geddes's first sentencing hearing on April 19, 2006, he was sentenced to five years in prison on each of his six convictions, to be served consecutively for a total prison term of thirty years. The trial court also classified Geddes as a sexual predator. Geddes appealed his sentence on May 18, 2006, raising three assignments of error. See State v. Geddes, Cuyahoga App. 88186, 2007-Ohio-2626 (Geddes I).
 {¶ 5} In Geddes I, we reversed his original sentence finding that although the sentence was within the statutory range as outlined by Senate Bill 2 the combined sentence of thirty years was manifestly disproportionate to the crimes committed by Geddes, and hence, were contrary to law. Our decision of May 31, 2007, vacated the sentence and remanded the matter to the trial court for resentencing.
 {¶ 6} The trial court sentenced Geddes on remand on January 31, 2008. The trial court imposed a sentence of three years in prison on each of his six convictions, to be served consecutively, for a total prison term of eighteen years. The trial court noted at the sentencing hearing that Geddes had committed the six offenses of pandering sexually oriented material involving a minor while under the supervision of the Adult Parole Authority and after having previously been classified as a sexual predator. *Page 5 
 {¶ 7} Geddes timely appealed this sentencing order on February 19, 2008.
 {¶ 8} In this second appeal, Geddes challenges the trial court's sentencing upon remand, contending that the sentence was contrary to law.
 {¶ 9} Geddes presents three assignments of error for review:
 ASSIGNMENT OF ERROR ONE
 "THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE A SENTENCE WHICH IS CONTRARY TO LAW."
 {¶ 10} Geddes's eighteen-year prison sentence, three years on each of the six separate counts running consecutive to each other, is six more years than the statutory minimum of two years on each of the six separate counts. Despite the fact that the court's resentencing order falls within the statutory range for the offenses as permitted byState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, [2] Geddes argues, as he did in Geddes I, that his sentence is contrary to law because the sentence is grossly disproportionate with similar crimes in this or other jurisdictions. He argues that this court should reverse his resentencing order on the same basis as the reversal in Geddes I. *Page 6 
 {¶ 11} This court will review a felony sentence pursuant to the two-prong standard set forth by the Ohio Supreme Court in a split decision in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912.[3]
 "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."
 {¶ 12} Under this assignment, Geddes generally argues that the trial court's resentencing order is contrary to law. He contends that the combined sentence of eighteen years imposed by the trial court on remand was manifestly disproportionate to the crimes he committed, and hence, were contrary to law. However, he makes this argument without referring to any specific cases in this or other jurisdictions, demonstrating that the court's resentencing order was clearly and convincingly contrary to law as required by the first prong of the Kalish decision.
 {¶ 13} As Geddes offers no other cases for our comparison, we cannot say that the crimes committed by him do not deserve a prison sentence of eighteen years. As it is incumbent for an appellant to demonstrate error of the trial *Page 7 
court, and he cites no authority for this proposition, pursuant to App. R. 16(A)(7) and 12(A)(2), we do not have to address it.
 {¶ 14} Geddes's first assignment of error is overruled.
 ASSIGNMENT OF ERROR TWO
 "THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE A CONSECUTIVE SENTENCE WITHOUT MAKING THE APPROPRIATE FINDINGS REQUIRED BY R.C. 2929.14(E)(4)."
 {¶ 15} Geddes argues in his second assignment of error that since he committed his crimes prior to the Foster decision and was sentenced after the Foster decision was announced, his sentence on remand, which was nonminimum and nonconcurrent, violates his due process rights by the ex post facto application of Foster Geddes acknowledges that this court has previously rejected the various arguments presented by this assignment of error that the application of Foster to his case violates his federal constitutional rights. He admittedly raises it to preserve the issue for future review.
 {¶ 16} In response, we disagree with Geddes's argument, as this court has already addressed and rejected the ex post facto and due process claims as they apply to Foster in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed,115 Ohio St.3d 1439, 2007-Ohio-5567.[4] *Page 8 
 {¶ 17} In Mallette, this court concluded:
 "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein."
 {¶ 18} Similarly, the remedial holding of Foster does not violate appellant's due process rights or the ex post facto principles contained therein.
 {¶ 19} The court in State v. Montgomery, Adams App. No. 07CA858,2008-Ohio-4753, also recently addressed these arguments and rejected them. The court stated: "Foster neither judicially increased the range of [his] sentences nor retroactively applied a new statutory minimum. Because the range of penalties for [his] offenses remained the samepost-Foster as it was pre-Foster, the application of the Foster remedy does not violate [his] due process rights or act *Page 9 
as an ex post facto application of the law." Montgomery at ¶ 28, quotingState v. Thompson, Washington App. No. 06CA72, 2007-Ohio-6839.
 {¶ 20} Accordingly, Geddes's second assignment of error is overruled.
 ASSIGNMENT OF ERROR THREE
 "THE TRIAL COURT ERRED BY ORDERING CONVICTIONS AND SENTENCES FOR SEPARATE COUNTS BECAUSE THE OFFENSES ARE ALLIED OFFENSES PURSUANT TO R.C. 2941.25 AND THEY ARE PART OF THE SAME TRANSACTION UNDER R.C. 2929.14."
 {¶ 21} The record reveals that the six counts of pandering sexually oriented materials corresponds to six separate and distinct images that Geddes downloaded, viewed, and printed at the Cleveland Public Library. Geddes argued at the resentencing hearing on January 31, 2008, as he does in this assignment of error, that the six counts of pandering sexually oriented materials involving a minor were allied offenses of similar import pursuant to R.C. 2941.25 and are part of the same transaction under R.C. 2929.14(D). The State contends that the six counts establish separate convictions under the same statute.
 {¶ 22} R.C. 2941.25 provides in its entirety as follows:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more *Page 10 
offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 23} The six separate counts of pandering sexually oriented materials involving a minor are not allied offenses of similar import. As stated by the court in State v. Brewster, Hamilton App. Nos. C-30024 and C-30025, 2004-Ohio-2993, "[m]ultiple violations of the same statute are not allied offenses of similar import, and a defendant may be sentenced for each violation." See, also, State v. Larsen (1993), 89 Ohio App.3d 371, 375-376. Since the six counts of pandering material are not allied offenses of similar import, Geddes was properly sentenced on all six.
 {¶ 24} Even if they did constitute allied offenses of similar import, which they are clearly not, Geddes's argument would still fail. A "[d]efendant who enters [a] guilty plea to two distinct offenses waives argument that [the] offenses are, in reality, allied offenses of similar import." State v. Fortner, Franklin App. No. 08AP-191, 2008-Ohio-5067, citing State v. Hooper, Columbiana App. No. 03CO30, 2005-Ohio-7084. "[A] defendant waives his right to challenge any defects in an indictment by pleading guilty." Fortner at ¶ 8. See, also, State v. Kent (1980), 68 Ohio App.2d 151. *Page 11 
 {¶ 25} Lastly, Geddes argues that his convictions arise from one transaction and are in violation of R.C. 2929.14(D). As stated previously, multiple violations of the same statute are not allied offenses of similar import and constitute distinct and separate violations of the same statute. Brewster at ¶ 81. Furthermore, the specific language of R.C. 2929.14(D) cited in this assignment of error does not apply to Geddes, who pleaded guilty to six separate violations of R.C. 2907.322, pandering sexually oriented materials involving a minor.
 {¶ 26} For the foregoing reasons, Geddes's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
ANN DYKE, J., and MARY J. BOYLE, J., CONCUR
[1] On the authority of State v. Baker, 119 Ohio St.3d 197,2008-Ohio-3330, we conclude that the judgment of conviction, the sentencing order of February 1, 2008, need not dispose of every charge in the indictment, including dismissed or nolled counts. The trial court clearly indicated a nolle of the remaining charges set forth in the indictment in the case sub judice by virtue of the March 8, 2006 entry.
[2] The Supreme Court of Ohio held in Foster that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences."
[3] We recognize that Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.
[4] See, also, State v. Reid, Cuyahoga App. No. 89006, 2007-Ohio-5858;State v. Van Le, Cuyahoga App. No. 88799, 2007-Ohio-4045; State v.Parks, Cuyahoga App. No. 88671, 2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301; State v. Brito, Cuyahoga App. No. 88223,2007-Ohio-1311; State v. Tenbrook, Cuyahoga App. No. 89424,2008-Ohio-53; State v. Henderson, Cuyahoga App. No. 89809,2008-Ohio-2030. *Page 1