JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Larry Laboy, appeals his sentence on the grounds that the ruling in State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, was applied retroactively; therefore, he was denied due process. We find no merit in this argument, and we affirm.
 {¶ 2} Appellant was charged with raping his daughter on several occasions between 1987 and 1993 when the girl was between the ages of 10 and 16. On August 19, 2005, the Cuyahoga County Grand Jury returned a 50-count indictment against appellant. Although most of the counts were dismissed by the state prior to trial, the following counts remained: Count 1, rape, in violation of R.C. 2907.02(A)(1)(b), with a furthermore clause indicating that he used force, a felony of the first degree with a mandatory life sentence; Counts 31 and 45, rape, in violation of R.C.2907.02(A)(2), both felonies of the first degree as charged; and, Count 46, rape, in violation of R.C. 2907.02(A)(2), a felony of the second degree as charged.
 {¶ 3} A jury trial began on November 28, 2005. On December 1, 2005, the jury found appellant guilty as charged on all four counts as well as guilty of the furthermore clause in Count 1. On December 13, 2005, appellant appeared for sentencing. On Count 1, the court sentenced him to the mandatory sentence of life imprisonment with parole eligibility within 15 years; on Counts 31, 45 and 46, the court sentenced him to five years on each count, to run concurrently. *Page 4 
 {¶ 4} On January 11, 2006, appellant appealed his conviction and sentence. In its November 9, 2006 decision, this court, upheld appellant's convictions, but vacated his sentence under the holding inState v. Foster, supra, and remanded the case for resentencing. On remand, the trial court sentenced appellant exactly as it had sentenced him in December, 2005.
 {¶ 5} Appellant appeals his second sentence, asserting one assignment of error.
 {¶ 6} "I. Larry Laboy was denied his liberty without due process and his right not to be subjected to punishment in violation of the ex post facto clause of the United States Constitution by the imposition of sentences in excess of the minimum sentence."
 {¶ 7} Appellant argues that the trial court erred in relying on the ruling in Foster. The Ohio Supreme Court's decision in Foster renders appellant's assignment of error without merit. In Foster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences.State v. Ford (May 31, 2007), Cuyahoga App. No. 88236, citingFoster, supra.
 {¶ 8} In Ford, as in this case, the appellant argued thatFoster did not apply to defendants whose alleged criminal conduct pre-dates Foster because it would be a *Page 5 
violation of the ex post facto clause. Ford, supra. If Foster did not apply to appellant, he would have enjoyed a presumption of minimum concurrent sentencing. The ex post facto clause of Article 1, Section 10
of the United States Constitution prohibits any legislation that "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed." Miller v. Florida (1987), 482 U.S. 423,429, quoting Calder v. Bull (1798), 3 Dall. 386, 390.
 {¶ 9} This court, in State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, recently addressed this issue and, after a thorough analysis of state and federal law, found as follows: "In the instant case, [defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate [defendant's] due process rights or the ex post facto principles contained therein." Mallette, supra.
 {¶ 10} In the instant case, appellant had notice regarding the sentencing range, which was the same at the time he committed the offenses as when he was sentenced. Because we find that the holding ofMallette directly applies to the instant matter, we adopt theMallette court's holding. We therefore find that the remedial holding ofFoster does not violate appellant's due process rights or the ex post facto principles contained therein. *Page 6 
 {¶ 11} Appellant further argues that the United States Supreme Court's holding in Miller, supra, mandates that this court reverse his sentence. In Miller, the legislature had revised the sentencing guidelines between the original sentencing and resentencing; therefore the defendant actually received a greater sentence than he was eligible for under the original guidelines. This is not the case in the matter before us, nor are the facts in our case the same as in Miller. Here, the sentencing guidelines were identical at the time appellant was originally sentenced as when he was resentenced. In fact, he received the same sentence both times, unlike in Miller where the defendant received a significantly longer sentence on resentencing.
 {¶ 12} The court did not err in resentencing appellant. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
 MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR. *Page 1