OPINION
{¶ 1} This case comes before this court on the appeal of the appellant, Michael Miller, of his re-sentence following our remand to the trial court for re-sentencing in accord with State v. Foster,109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} A jury found appellant guilty of two counts of rape, in violation of R.C. 2907.02(A)(2); one count of kidnapping, in violation of R.C. 2905.01(A)(4); one count of abduction, in violation of R.C. 2905.02(A)(2); and three counts of domestic violence, in violation of R.C. 2919.25(A). The trial court sentenced appellant to an aggregate term of incarceration of twenty-two years. For a complete statement of the underlying facts, see State v. Miller, Licking App. No. 2006CA00030,2006-Ohio-6236.
 {¶ 3} Appellant timely filed a notice of appeal. On July 9, 2004 this Court, affirmed appellant's conviction, but remanded the case to the Court of Common Pleas, Licking County, Ohio, for re-sentencing consistent with Blakely v. Washington (2004), 542 U.S. 296 and State v.Foster (2006), 109 Ohio St. 3d 1. State v. Miller, supra.
 {¶ 4} On remand, the trial court held a re-sentencing hearing on January 8, 2007. The court again sentenced appellant to an aggregate term of incarceration of twenty-two years.
 {¶ 5} It is from this Judgment Entry that appellant now appeals raising the following assignment of error for our consideration:
 {¶ 6} "I. AT THE RESENTENCING HEARING, IMPOSITION OF NON-MINIMUM AND CONSECUTIVE PRISON TERMS VIOLATED THE *Page 3 SIXTH AMENDMENT AND THE DUE PROCESS GUARANTEES OF THE FEDERAL CONSTITUTION AND THE EQUIVALENT GUARANTEES UNDER THE OHIO CONSTITUTION."
 I. {¶ 7} In his sole assignment of error, appellant maintains the trial court erred in applying State v. Foster (2006), 109 Ohio St. 3d 1
retroactively in violation of his constitutional rights. We disagree.
 {¶ 8} In State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, because said provisions required judicial fact-finding to exceed the sentence allowed simply as a result of a conviction or plea. To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption. Foster at ¶ 97.
 {¶ 9} The crux of appellant's present argument is that theFoster remedy, i.e., his re-sentencing upon remand, violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, and the ex post facto provisions of Section 28, Article II of the Ohio Constitution and Article I, Section 10 of the United States Constitution. However, this Court exhaustively addressed the same issue in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542. *Page 4 
 {¶ 10} Furthermore, every Ohio Appellate District has either followedPaynter or similarly ruled that Foster did not violate the ex post facto clause or a defendant's due process rights. State v. Lochett, 1st Dist. No. C-060404, 2007-Ohio-308; State v. Smith, 2d Dist. No. 21004,2006-Ohio-4405; State v. Grimes, 4th Dist. No. 04CA17, 2006-Ohio-6360;State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v.Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio1572; State v. Mallette, 8th Dist. No. 87984, 2007-Ohio715; State v. Hildreth, 9th Dist. No. 06CA008879, 2006-Ohio-5058; State v. Lowe, 10th Dist. No. 06AP-673,2007-Ohio-504; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783; State v. Andrews, 12th Dist. No. CA2006-06-142,2007-Ohio-223.
 {¶ 11} Based upon our holding in Paynter, we find the sentence imposed in the case sub judice did not violate appellant's rights under the due process or ex post facto clauses of either the Ohio or United States Constitution.
 {¶ 12} Accordingly, appellant's sole assignment of error is overruled. *Page 5 
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Gwin, J., Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed. Costs to appellant.