JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Christopher Berry appeals from the sentence the trial court imposed upon him at his resentencing hearing, following this court's decision in State v. Berry, Cuyahoga App. No. 87493, 2007-Ohio-278[1] ("Berry I"), which affirmed his convictions, but vacated, pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the original sentence imposed.
 {¶ 2} Berry asserts in his sole assignment of error that the trial court erred in imposing the same sentence as the original term, i.e., a total of twenty-one years of incarceration for his three convictions. He argues that the application of Foster to his sentence "ex post facto" violates his constitutional right to due process of law.
 {¶ 3} Berry acknowledges this court's established precedent rejects his argument, but suggests these cases were wrongly decided. This court disagrees; in addition, his argument expressly has been addressed and rejected by the Ohio Supreme Court in State v. Bates,118 Ohio St.3d 174, 2008-Ohio-1983. Consequently, his assignment of error is overruled, and his sentence is affirmed.
 {¶ 4} The facts underlying Berry's convictions already were set out inBerry I. Briefly stated, after a jury found him guilty of murder, kidnapping, and tampering with evidence, Berry appealed, presenting five assignments of error. He claimed therein the following: 1) the evidence obtained from a search of his home should have been suppressed; 2) the jurors should not have been permitted to submit questions to the *Page 3 
witnesses; 3) the prosecution engaged in improper closing argument; 4) the trial court provided improper jury instructions; and, 5) he was sentenced pursuant to an "unconstitutional statutory sentencing scheme."
 {¶ 5} This court agreed only with his final assignment of error.[2]
Thus, although his convictions were affirmed, the twenty-one-year sentence was vacated, and the matter remanded pursuant toFoster.
 {¶ 6} At the resentencing hearing held on remand, the trial court determined the original sentence remained appropriate. It, therefore, again sentenced Berry to serve consecutive terms of fifteen years to life for murder, five years for kidnapping, and one year for tampering with evidence, for a total of twenty-one years.
 {¶ 7} Berry again appeals his sentence, and presents the following assignment of error:
 {¶ 8} "The trial court erred in sentencing Defendant to consecutiveterms of imprisonment for crimes committed prior to State v.Foster, 109 Ohio St.3d 1(2006), as the retroactive application ofFoster violates the Defendant's rights to Due Process of Law under theFourteenth Amendment to the United States Constitution and Article I,Section 16 of the Ohio Constitution." *Page 4 
 {¶ 9} Berry claims that since his criminal conduct predatesFoster, its application to his sentence violates his constitutional rights. Citing Miller v. Florida (1987), 482 U.S. 423, he contendsFoster inflicts "greater punishment" because, without it, he would have been entitled to a "presumption" of concurrent sentencing. He therefore asserts that this court's decisions to the contrary were "wrongly decided." Berry's argument remains unpersuasive.
 {¶ 10} In addressing this claim, the supreme court, in pertinent part, recently made the following observations:
 {¶ 11} "***The legislature's expression of its intentions through S.B. 2 appears to evidence a policy decision to limit a trial court's ability to impose consecutive sentences to specific situations.***The provisions of S.B. 2, therefore, appear to have altered the common law presumption that unless a sentencing judge orders otherwise, sentences run consecutively***." State v. Bates, supra, ¶ 16. Since Foster excised the unconstitutional provisions contained in S.B. 2, no statute exists which, in the circumstances herein, establishes a presumption of concurrent sentences. Id. at ¶ 18. Thus, the common law presumption has been reinstated, and a court again "has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently." Id. at T|19.
 {¶ 12} This court clearly anticipated the decision in Bates when it previously stated as follows: *Page 5 
 {¶ 13} "[The defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences wherenone existed. As a result, we conclude that the remedial holding ofFoster does not violate [the defendant's] due process rights or the ex post facto principles contained therein." State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶¶ 39-48, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567 (emphasis added.) See also,State v. Zak, Cuyahoga App. No. 89705, 2008-Ohio-1408; State v.Laboy, Cuyahoga App. No. 89510, 2008-Ohio-451; State v. Fair, Cuyahoga App. No. 89653, 2008-Ohio-930.
 {¶ 14} Similarly, in this case, the sentencing range was the same at the time Berry committed the offenses as when he was sentenced. Berry's assertion that, prior to Foster, Ohio's sentencing scheme was "roughly analogous" to Florida's, i.e., a trial court "could not impose***a maximum or consecutive sentence on any offender, unless it made certain factual findings" is belied by the decision in Bates. Moreover, since Berry received the same sentence at his resentencing as he did originally, Miller v. Florida, (supra), is inapplicable to the facts.State v. Laboy, supra, at ¶ 11.
 {¶ 15} For the foregoing reasons, Berry's assignment of error is overruled.
 {¶ 16} His sentence, accordingly, is affirmed. *Page 6 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J. and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Discretionary appeal not allowed, State v. Berry,114 Ohio St.3d 1427, 2007-Ohio-2904.
[2] Berry's additional assertion that any sentence imposed underFoster would violate his constitutional rights to due process and against ex post facto legislation was deemed "premature." Berry I
at ¶ 71. *Page 1