JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Keith Milam, appeals his rape and gross sexual imposition sentences. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On April 21, 2004, the Cuyahoga County grand jury indicted appellant on seven counts of rape under R.C. 2907.02, first degree felonies, and three counts of gross sexual imposition under R.C.2907.05, third degree felonies.
 {¶ 3} On May 26, 2004, appellant filed a motion to enter a plea of not guilty by reason of insanity, and the trial court referred appellant to the psychiatric clinic. On August 27, 2004, appellant filed a motion for an independent examination, which the trial court granted. On September 20, 2004, appellant requested a specific expert and again requested an independent psychological examination, which was granted. All of the experts agreed that appellant was competent, and on December 13, 2004, the parties stipulated that appellant was sane and competent to stand trial.
 {¶ 4} On February 14, 2005, a jury trial began. On February 17, 2005, the jury found appellant guilty on all counts. On March 18, 2005, the trial court sentenced appellant to eight years on each count of rape and three years on each count of gross sexual imposition. All sentences were to run concurrently. On March 18, 2005, the trial court held a hearing and found appellant to be a sexual predator.
 {¶ 5} Appellant appealed his convictions and sexual predator classification. On September 14, 2006, this court affirmed appellant's convictions, but vacated the sexual predator finding and remanded for resentencing under State v. Foster, 109 St.3d 1, 2006-Ohio-856,845 N.E.2d 470. *Page 4 
 {¶ 6} On June 29, 2007, the trial court held a resentencing hearing and a reclassification hearing. The court again sentenced appellant to eight years on each count of rape and three years on each count of gross sexual imposition. However, under the resentence, the rape sentences were still to run concurrently to each other, but the gross sexual imposition sentences were to run consecutive to each other, and consecutive to the rape sentences. Overall, appellant received a total of 17 years in prison (as opposed to the original total of eight years). Additionally, appellant was classified as a sexually oriented offender.
 {¶ 7} The facts leading to appellant's conviction are set forth at length in State v. Milam, Cuyahoga App. No. 86268, 2006-Ohio-4742. Summarizing those facts here, appellant committed sexual acts with his 14-year-old male victim between 2002 and 2004. Id. at ¶ 2 Specifically, he committed three acts of gross sexual imposition against the victim in 2002 and orally raped him seven to eight times in 2003. Id. at ¶ 3. Eventually, "the victim stopped going to defendant's house in January 2004. [Thereafter, appellant] would attempt to contact the victim by e-mail, sometimes up to 15 times per day. In several e-mails, [appellant] threatened to kill himself if he could not reconcile with the victim." Id. at ¶ 20.
 {¶ 8} Appellant brings this appeal, asserting three assignments of error for our review. Because the first two assignments of error are substantially interrelated, they are addressed together.
 Resentencing *Page 5 {¶ 9} "I. Mr. Milam was denied due process of law where the trial court more than doubled Mr. Milam's sentence after a successful appeal.
 {¶ 10} "II. The trial court abused its discretion and violated appellant's rights to due process and meaningful appellate review when it offered no reasons for imposing its sentence."
 {¶ 11} Appellant argues that the trial court erred when it doubled the length of his original sentence at the resentencing hearing. More specifically, he alleges that the trial court violated his due process rights when it failed to offer reasons for increasing his sentence. This argument is without merit.
 {¶ 12} Appellate courts review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836, at ¶ 12. "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal citations omitted.) State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53, at ¶ 9, citing State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904, at ¶ 7.
 {¶ 13} After Foster, a trial court is no longer required to make findings or give reasons at the sentencing hearing. State v.Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534, at ¶ 6. However, a court must carefully consider the applicable statutes in felony cases. Id. Here, the applicable statues are R.C. 2929.11, which *Page 6 
indicates the purposes of sentencing, and R.C. 2929.12, which lists factors the trial court should consider relating to the seriousness of the offense.
 {¶ 14} Under R.C. 2929.11(A), "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." Under R.C. 2929.11(B), "a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing ***, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 15} In State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538, at ¶ 18, this court held that "R.C. 2929.11 does not require a trial court to make findings on the record." In State v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083, at ¶ 25, this court held that R.C. 2929.11 "sets forth objectives for sentencing courts to achieve."
 {¶ 16} In this case, at the resentencing, appellant received sentences identical to his original sentences; however, the trial court decided to run the sentences for the gross sexual imposition convictions consecutive to each other and consecutive to the sentences for the rape convictions, rather than concurrently.
 {¶ 17} Appellant was convicted of seven counts of rape, which are first degree felonies punishable by between three and ten years imprisonment. R.C. 2907.02(B). If the trial court had sentenced appellant to maximum, consecutive terms, appellant could have received 70 years. R.C. 2929.14(A)(1). Appellant was also convicted of *Page 7 
three counts of gross sexual imposition, which are third degree felonies punishable by between one and five years imprisonment. R.C. 2907.05(B). If the trial court had sentenced appellant to maximum, consecutive terms, he could have received 15 years. R.C. 2929.14(A)(3). In total, appellant could have been sentenced to 85 years in prison. Ultimately, the trial court imposed a total of 17 years, which is clearly within the statutory range for appellant's crimes.
 {¶ 18} At the resentencing, the trial court stated that she considered a letter appellant wrote on April 27, 2007, which informed the court that he feels he received an unfair trial. The trial court also stated that she thoroughly read this court's opinion, and that, in resentencing appellant, she incorporated the trial transcripts, the sentencing transcript, the presentence investigation, and the Court Psychiatric Clinic's report. Finally, the trial court stated that, underFoster, she had "full discretion to impose a prison sentence within the statutory range," and was not required to make findings or give reasons for imposing more than minimum sentences.
 {¶ 19} A review of the record shows that several of the seriousness factors under R.C. 2929.12 apply here, including the age of the victim (14); the psychological harm to the victim; and the fact that the offender's relationship (loco parentis) to the victim facilitated the offense.[1] R.C. 2929.12(B)(1); 2929.12(B)(2); 2929.12(B)(6). We note that appellant cites to North Carolina v. Pearce (1969), *Page 8 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, which held that a judge must state reasons when he imposes a more severe sentence upon a defendant after a defendant successfully appealed his sentence. The United States Supreme Court created this rule in order to prevent a judge from imposing a more severe sentence to "punish" a defendant for successfully appealing. This rule does not apply to the case at bar. Here, a different judge handled the resentencing; therefore, the judge could not have been trying to punish appellant. Further, appellant points to nothing in the record to indicate that the trial court acted inappropriately.
 {¶ 20} We find that, under Foster, the trial court did not err when she imposed non-minimum, consecutive sentences without stating reasons. Further, a review of the record shows that several R.C. 2929.12
seriousness factors apply in this case. Accordingly, appellant's first and second assignments of error are overruled.
 Ex Post Facto Application {¶ 21} "III. Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 22} Appellant argues that the trial court violated his due process rights when it applied the Ohio Supreme Court's decision inFoster at his sentencing. More specifically, he alleges that the application of Foster violates the Ex Post Facto Clause. This argument is without merit. *Page 9 
 {¶ 23} In Foster, the Ohio Supreme Court found several sections of the revised code unconstitutional, and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Foster, supra.
 {¶ 24} Appellant argues that if Foster did not apply to him, he would enjoy a presumption of minimum concurrent sentencing. The Ex Post Facto Clause of Article 1, Section 10 of the United States Constitution prohibits any legislation that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."Miller v. Florida (1987), 482 U.S. 423, 429, 107 S.Ct. 2446,96 L.Ed.2d 251, citing Calder v. Bull (1798), 3 U.S. 386, 3 Dall. 386, 390,1 L.Ed. 648.
 {¶ 25} This appellate court has addressed this issue and, after a thorough analysis of state and federal law, held that "in the instant case, Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567,875 N.E.2d 101. *Page 10 
 {¶ 26} More recently, in State v. Bates, 118 Ohio St.3d 174,2008-Ohio-1983, the Ohio Supreme Court held that "the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently." We, therefore, find that the remedial holding ofFoster does not violate appellant's due process rights or the ex post facto principles contained therein. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] The victim in this case was a friend of appellant's son. InMilam, at ¶ 101, this court upheld the trial court's determination that "Milam was in a position of authority as loco parentis when he committed the acts." This court stated that appellant was "a person of authority in the victim's life." Id. at ¶ 25. *Page 1