JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant, Curtis Bradley (appellant), appeals the court's resentencing him to four years in prison for drug related charges as being unconstitutional based on ex post facto principles. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On June 29, 2006, we affirmed appellant's drug related convictions, but remanded his case for resentencing under State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v. Bradley, Cuyahoga App. No. 86351, 2006-Ohio-3660. On April 6, 2007, the court resentenced appellant to the same four-year prison term, and it is from this order that appellant appeals.
 II. {¶ 3} In his sole assignment of error, appellant argues that he "was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework." Specifically, appellant argues that because his criminal conduct predates Foster, the remedial portion of that decision should not apply to him.
 {¶ 4} The Ex Post Facto Clause of Section 10, Article I, of the United States Constitution prohibits, inter alia, "every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime, when committed." Mallett v. North Carolina (1901), 181 U.S. 589,593, citing Calder v. Bull (1798), 3 U.S. 386. *Page 4 
 {¶ 5} In the instant case, appellant was convicted of two, first degree felonies, which carry prison terms of between three and ten years, and a fifth degree felony, which carries a prison term of between six and 12 months. See R.C. 2929.14. The court sentenced appellant to an aggregate term of four years, which is one year more than the three-year minimum sentence he could have received.
 {¶ 6} Appellant's ex post facto argument, as it relates toFoster, has been expressly addressed and rejected by this court in such cases as State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. Appellant argues, however, that Mallette was "wrongly decided and should not be followed." In Mallette, we held that Foster's retroactive application to cases on direct appeal and those pending in the trial court at the time of its release, was constitutional:
 "* * * [M]allette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Mallette, supra, at ¶ 47.
 {¶ 7} Appellant now argues that Mallette cannot be reconciled withMiller v. Florida (1987), 482 U.S. 423. In Miller, the defendant committed various sex offenses on April 25, 1984. On May 8, 1984, Florida's sentencing guidelines were revised, and these revisions went into effect on July 1, 1984. The defendant in Miller was sentenced on October 2, 1984, under the new guidelines. The 1984 Florida sentencing revisions increased the points assigned to sexual offenses. Before the guidelines, the defendant would have been subject to *Page 5 
a three and one-half to a four and one-half year presumptive prison sentence. After the guidelines, the defendant was subject to a presumptive sentence of five and one-half to seven years. TheMiller court held the retroactive application of this revision unconstitutional because it "substantially disadvantaged" the defendant's position. Id. at 432. "Thus, even if the revised guidelines law did not `technically * * * increase * * * the punishment annexed to [petitioner's] crime,' it foreclosed his ability to challenge the imposition of a sentence longer than his presumptive sentence under the old law." Id. at 433.
 {¶ 8} In Mallette, on the other hand, pre-Foster, the defendant was subject to a three-to ten-year sentence, with a presumption of the minimum three years, unless the court found certain sentence-enhancing facts. Post-Foster, the defendant is subject to a three-to ten-year sentence, at the court's discretion. Notably, there is no increased presumptive sentence under Ohio's Foster scheme, which is the very thing that the United States Supreme Court found violated ex post facto principles in Miller.
 {¶ 9} In summary, Ohio courts have exhaustively rejected appellant's arguments herein, and the Ohio Supreme Court has repeatedly declined to revisit this issue. See, e.g., State v. Miller, Licking App No. 2007-CA-21, 2008-Ohio-2641; State v. Napper, Ross App. No. 07CA2975,2008-Ohio-1555; State v. Long, Belmont App. No. 07BE27, 2008-Ohio-1531;State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162.
 {¶ 10} Appellant presents no arguments not already considered by this court, and we, once again, reaffirm our holding in Mallette. Appellant's assignment of error is overruled.
 Judgment affirmed. *Page 6 
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1