JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Kyle Martin appeals his maximum sentence of ten years imposed by the trial court. He assigns the following error for our review:
 "I. The trial court erred in sentencing defendant to a maximum term of imprisonment for a crime committed prior to State v. Foster, 109 Ohio St.3d 1 (2006), as the retroactive application of Foster violates the defendant's right to Due Process of Law under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Martin's sentence. The apposite facts follow.
 History {¶ 3} On May 11, 2001, the Cuyahoga County Grand Jury indicted Martin for conspiracy to commit aggravated murder, kidnapping, tampering with evidence, and tampering with records. The State dismissed the conspiracy to commit aggravated murder charge prior to trial. The jury found Martin guilty of kidnapping, and not guilty of the remaining offenses. The trial court sentenced Martin to a ten year maximum sentence in prison.
 {¶ 4} Martin appealed his conviction and this court reversed the conviction after finding Martin did not make a knowing, intelligent, and *Page 2 
voluntary waiver of counsel.[1] This decision was affirmed by the Ohio Supreme Court.[2]
 {¶ 5} On remand, in addition to reindicting Martin for conspiracy to commit murder and kidnapping, the State also indicted him for insurance fraud and attempted aggravated theft. The jury found Martin guilty of conspiracy to commit aggravated murder and kidnapping, and acquitted him of the remaining charges.
 {¶ 6} Martin appealed the conviction. This court vacated Martin's conviction for conspiracy to commit murder; however, we found his kidnapping conviction was valid.[3] In addition, we vacated Martin's sentence and remanded for resentencing pursuant to State v.Foster.[4]
 {¶ 7} On September 10, 2007, the trial court resentenced Martin as to the kidnapping charge and imposed the maximum ten-year sentence. *Page 3 
 Ex Post Facto Sentence {¶ 8} In his sole assigned error, Martin argues that because his criminal conduct pre-dated Foster, any retroactive application ofState v. Foster[5] is a violation of the ex post facto clause.
 {¶ 9} We reject his argument in light of this court's decisions regarding this identical argument.[6] In those decisions, we concludedFoster did not judicially increase the range of a defendant's sentence, did not retroactively *Page 4 
apply a new statutory maximum to an earlier committed crime, and did not create the possibility of consecutive sentences where none existed. We concluded that as a result, the remedial holding of Foster does not violate a defendant's due process rights or the ex post facto principles contained therein.
Accordingly, Martin's assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed. *Page 5 
It is ordered that a special mandate be sent to said court to carry this
judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] State v. Martin, Cuyahoga App. No. 80198, 2003-Ohio-1499.
[2] State v. Martin (2004), 103 Ohio St.3d 385, 2004-Ohio-5471.
[3] `State v. Martin, Cuyahoga App. No. 87618, 2007-Ohio-829.
[4] 109 Ohio St.3d 1, 2006-Ohio-856.
[5] Id.
[6] State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715;State v. McCollins, Cuyahoga App. No. 88657, 2007-Ohio-2380; State v.Ferko, Cuyahoga App. No. 88182, 2007-Ohio-1588; State v. Brito, Cuyahoga App. No. 88223, 2007-Ohio-1311; State v. Jones, Cuyahoga App. No. 88134,2007-Ohio-1301; State v. Hunter, Cuyahoga App. No. 89796,2008-Ohio-3793; State v. Bradley, Cuyahoga App No. 89856,2008-Ohio-3669; State v. McSwain, Cuyahoga No. 90358, 2008-Ohio-3661;State v. Milam, Cuyahoga App. No. 90193, 2008-Ohio-3144; State vBerry, Cuyahoga App. No. 90094, 2008-Ohio-3142; State v. Vaughn, Cuyahoga App. No. 90136, 2008-Ohio-3027. *Page 1